UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

COURT FILE NO.: CV - 16-7013

---

PETER KATSICHTIS,
ANNA KATSICHTIS

       Plaintiff,

 -against-

SRA ASSOCIATES, INC., D/B/A SRA
ASSOCIATES OF NEW JERSEY,

       Defendant.

---

**COMPLAINT**

For this complaint, the Plaintiffs PETER KATSICHTIS and ANNA KATSICHTIS by their attorney, Mikhail Usher, Esq., states as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 1 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). and the Telephone Consumer Protection Act, 47 U.S.C. § 227.

3. Venue and personal jurisdiction are proper in this District because a substantial part of the events and omissions giving rise to the claim occurred within this District because:

-1-

    A. Defendant's collection communications were received by Plaintiff in this district;

    B. Defendant does or transacts business in this district;

    C. Plaintiff resides in this district.

## PARTIES

4. Plaintiff PETER KATSICHTIS is an individual person who resides in Brooklyn, New York.

5. Plaintiff PETER KATSICHTIS is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) since he is a natural person <u>allegedly</u> obligated to pay a debt.

6. Plaintiff ANNA KATSICHTIS is an individual person who resides in Brooklyn, New York.

7. Plaintiff ANNA KATSICHTIS is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) since she is a natural person <u>allegedly</u> obligated to pay a debt.

8. Defendant, SRA ASSOCIATES, INC. D/B/A SRA ASSOCIATES OF NEW JERSEY (hereinafter "SRA") is a corporation chartered under the laws of the state of New Jersey, with their corporate headquarters located at 401 Minnetonka Road, Hi-Nella, New Jersey 08083.

9. Defendant operates as a collection agency and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant repeatedly contacted Plaintiff in attempts to collect a debt.

11. SRA at all times acted by and through one or more of its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, insurers and collectors.

## FACTUAL ALLEGATIONS

### A. SRA Engages in Harassment and Abusive Tactics

12. At a time unknown to the Plaintiff, a personal debt was allegedly incurred by the Plaintiff's for some past due bills, thus arising out of transactions that were primarily for personal, family and household purposes;

13. At a time unknown to the Plaintiff, the aforementioned debt was consigned, placed or otherwise transferred to Defendant for collection;

14. Sometime on or about March of 2016, Defendant repeatedly called Plaintiff in an effort to collect a personal obligation alleged to be due by Plaintiff;

15. After the Defendant's initial telephonic communication with the Plaintiff a validation notice was never sent to Plaintiff by Defendant, but rather continuous and harassing telephone calls persisted;

16. Defendant persisted in repeatedly and continuously calling Plaintiff on his home, cellular telephone and even at his place of employment at a time and place that was inconvenient for Plaintiff;

17. Defendant called Plaintiff during working hours on his cellular telephone and his business telephone number after being repeatedly informed by the Plaintiff that he could not speak at that time due to being at his place of employment;

18. After repeatedly requesting a substantiation of debt, the Defendants finally sent a letter which indicated that a debt was allegedly owed by Defendant to MERCEDES BENZ FINANCIAL SVCS in the amount of $5,629.58. **(See Exhibit 1)**

19. Defendant called Plaintiffs approximately four (4) times per day at least four (4) times per week.

20. The harassing telephone calls in question, perpetrated by Defendant, would start as early as 8:30 AM and continue throughout the day.

21. As aforementioned the Defendant failed to send a validation notice within Five (5) days of the initial telephone conversation as required by the Fair Debt Collection Practices Act.

22. At no time prior to reposting the debt to the 3 main credit reporting agencies did Defendant ever send Plaintiff any validation notice informing the Plaintiff of his rights.

**B. Plaintiff suffered Actual Damages**

23. The Plaintiffs have suffered and continues to suffer actual damages as result of the Defendant's unlawful conduct;

24. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continuous to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment;

## C. SRA Has Violated the Telephone Consumer Protection Act

25. The Defendants have violated 47 U.S.C. § 227 because they continued to contact non-debtors (third parties) in order to induce the Plaintiff to pay the Debt.

26. Moreover, Plaintiff PETER KATSICHTIS is a non-debtor himself since this debt was allegedly incurred in an abusive and otherwise unlawful manner.

27. Upon information and belief, and according to records and an interview with the Plaintiff, the Plaintiff PETER KATSICHTIS was the payee on a Mercedes Benz Financial SVCS lease, then after the lease was over he requested an additional few months as an extension of the lease, however instead of providing Plaintiff PETER KATSICHTIS with an extension, Mercedes Benz Financial SVCS provided Mr. KATSICHTIS with a brand new lease without his knowledge. Indeed the terms of the agreement are so small and unreadable; undersigned counsel himself had a difficult time deciphering the language of this lease agreement. Thereby, after Plaintiff PETER KATSICHTIS returned the vehicle in question to Mercedes Benz, he was told that he had to pay an

additional balance to pay off the *"life of the lease"* a lease of which he was completely unaware.

28. Indeed, Plaintiff was only aware that he had a lease extension, as a result, he was unaware that he was under any obligation to pay any debt, because the alleged debt in question was obtained through fraud and deceit.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.

29. Defendant's conduct violated the FDCPA in multiples ways, including but not limited to, the following:

30. Engaging in conduct the natural consequences of which is to harass, oppress or abuse Plaintiff in connection with the debt plaintiff does not owe in violation of 15 U.S.C. § 1692 (d).

31. Contacting the Plaintiff at a place and during a time known to be inconvenient for the plaintiff in violation of 15 U.S.C. § 1692 c (a)(1).

32. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692 (F).

33. Misrepresenting the amount of debt in violation of 15 U.S.C. § 1692(e)(2);

34. Collecting amount not authorized by agreement or expressly not permitted by law in violation of 15 U.S.C. § 1692(f)(1).

35. Accepting or soliciting post-dated check by more than 5 days without 3 business days written notice of intent to deposit in violation of 15 U.S.C. § 1692(f)(2).

36. Failing to send Plaintiff a validation notice within five days of the initial communication in violation of 15 U.S.C. § 1692(g).

37. By causing the phone to ring and engaging Plaintiff in telephone conversations repeatedly in violation of 15 U.S.C. § 1692(d)(5).

## COUNT II
## VIOLATIONS OF THE TCPA 47 U.S.C. § 227

38. The Defendants' conduct violated 47 U.S.C. § 227 because SRA continued to contact two Plaintiffs which are non-debtors with no prior business relations between the two entities.

39. The Defendants' conduct violated 47 U.S.C. § 227 because SRA contacted non-debter Plaintiffs without express permission.

40. The Defendants' conduct violated 47 U.S.C. § 227 because SRA contacted non-debter Plaintiffs by utilizing an automatic dialer and/or "robo-calling" techniques.

41. The Defendants' conduct violated 47 U.S.C. § 227 because SRA continued to call, bother and harass Plaintiff non-debtors after they were expressly told to stop calling thereby making Defendants conduct willful and wanton.

42. The Defendants' conduct violated 47 U.S.C. § 227 because SRA called non-debtor Plaintiff's approximately Twenty Five (25) times, and counting.

## TRIAL BY JURY

43. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for an award of statutory damages of $500.00 for the first telephone call to non-debtors and $1,500.00 for every subsequent call to non-debtors pursuant to 47 U.S.C. § 227.

- for such other and further relief as may be just and proper.

Dated: November 28, 2016                              Respectfully submitted,

                                                                                   */s/ Mikhail Usher*  
                                                                  Mikhail Usher, Esq.  
                                                                  USHER LAW GROUP, PC.  
                                                                  Attorneys for Plaintiff  
                                                                  2711 Harway Avenue  
                                                                  Brooklyn, NY 11214  
                                                                  Telephone: (718) 484-7510  
                                                                  Facsimile:  (718) 865-8566  
                                                                  musheresq@gmail.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF __New York__ )
                      ) ss
COUNTY OF __Kings__ )

Plaintiff ANNA KATSICHTIS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
ANNA KATSICHTIS

Subscribed and sworn to before me this __19__ day of __December__, 2016.

_____
Notary Public

MIKHAIL USHER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02US6348842
Qualified in Kings County
Commission Expires 10/03/2020

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF New York )
COUNTY OF Kings ) ss

Plaintiff PETER KATSICHTIS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Peter Katsichtis_
PETER KATSICHTIS

Subscribed and sworn to before me
this 19 day of December 2016.

_Mikhail Usher_
Notary Public

MIKHAIL USHER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02US6348842
Qualified in Kings County
Commission Expires 10/03/2020